IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **TRELLIS KYLE DAY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00514-O-BP |
| § | |
| **NANCY A. BERRYHILL,** § | |
| **Deputy Commissioner for Operations,** § | |
| **Social Security Administration,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Trellis Kyle Day ("Day"), proceeding *pro se*, filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for disability insurance benefits and Supplement Security Income under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **AFFIRM** the Commissioner's decision.

**FINDINGS AND CONCLUSIONS**

**I.   STATEMENT OF THE CASE**

Day applied for disability insurance benefits on February 11, 2013. Transcript ("Tr.") 467. His alleged disability onset date was December 6, 2012. Tr. 385. Day alleged limiting conditions of hidradenitis suppurativa, adjustment disorder, folliculitis barbae, acne keloidalis, anal fissure, seborrheic dermatitis, dermatophytosis, skin tags, skin scars, allergic rhinitis, traumatic brain injury, sleep apnea, posttraumatic stress disorder, and a lower back condition. Tr. 467. The

Commissioner denied him benefits initially on March 29, 2013, and upon reconsideration on May 29, 2013. Tr. 385. Day requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held before Judge Myriam C. Fernandez Rice in El Paso, Texas, on June 18, 2014. *Id.*, Tr. 389. Day testified without an attorney or other representative. Tr. 385. Vocational Expert ("VE") Nicole B. King testified at the hearing. *Id.* ALJ Rice issued her decision on July 16, 2014, finding that Day was not entitled to disability benefits. Tr. 389.

In her decision, ALJ Rice employed the statutory five-step analysis. At step one, she found that Day had engaged in substantial gainful activity from December 2012 through May 2014. Tr. 387, Finding 2. She found that there had been no continuous twelve-month period during which Day had not engaged in substantial gainful activity. Tr. 388, Finding 3. As a result, the ALJ did not continue on to the rest of the steps in the analysis. The ALJ found that Day was not under a disability at any time from December 6, 2012, through the date of her decision on July 16, 2014. Tr. 389, Finding 4. The Appeals Council determined that the ALJ's decision was not based on substantial evidence and remanded the case for reconsideration on November 12, 2014. Tr. 379–81.

A second ALJ, Katherine W. Brown, considered Day's case on remand. Tr. 359–71. ALJ Brown held a hearing in El Paso, Texas, on May 21, 2015, over which the ALJ presided from San Antonio, Texas. Tr. 359. Attorney Sofia R. McDermott represented Day at the hearing. *Id.* Vocational expert ("VE") Nicole B. King and medical expert Alice D. Cox testified at the hearing. *Id.* The ALJ issued her decision on June 26, 2015, finding that Day was not entitled to disability benefits. Tr. 371.

In her decision, ALJ Brown employed the statutory five-step analysis. At step one, she found that Day had not engaged in substantial gainful activity since December 6, 2012, the alleged

disability onset date. Tr. 361, Finding 2. At step two, the ALJ found that Day had the severe impairments of mood disorder, anxiety disorder, history of traumatic brain injury, degenerative disc disease, hidradenitis suppurativa, pseudofolliculae barbosa, seborrheic dermatitis, inguinal hernia, plantar fasciitis, patellofemoral syndrome, and chronic thyroiditis Tr. 361–62, Finding 3. At step three, the ALJ found that Day's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404(P)(1). Tr. 362, Finding 4. The ALJ therefore determined that Day had the residual functional capacity ("RFC") to lift up to twenty pounds occasionally and lift and carry up to ten pounds frequently; stand, walk, and sit for about six hours in an eight-hour workday, though he would require a sit/stand option to alternate at intervals; frequently climb ramps and stairs, and occasionally climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, and crawl; avoid moderate exposure to extreme heat; not be required to shave; limited to understanding, remembering, and carrying out detailed but not complex instructions; make decisions; attend and concentrate for two hours at a time; respond appropriately to supervisors and coworkers; adjust to changes in work setting; and limited to occasional interaction with public and coworkers. Tr. 364, Finding 5.

At step four, the ALJ found that Day was unable to perform any past relevant work. Tr. 369, Finding 6. The ALJ based this conclusion on the testimony of the VE, who testified that a hypothetical individual with Day's RFC would be able to perform his past relevant work. *Id*. At step five, the ALJ found that there existed a significant number of jobs in the national economy that Day could perform. Tr. 370, Finding 10. The ALJ therefore found that Day was not under a disability at any time from December 6, 2012, through the date of her decision on June 26, 2015. Tr. 371–72, Finding 11.

The Appeals Council denied Day's request for review of this second opinion on January 23, 2017. Tr. 2–7. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II.   FACTUAL BACKGROUND

Day was born on September 15, 1979. Tr. 369. He has at least a high school education. *Id*. His past work included work in security and as a chemical specialist for the military. Tr. 455–56.

## III.   STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to gain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three,

disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the claimant's RFC—"the most the claimant can still do despite his physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198.)

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment

for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

## IV.   ANALYSIS

While Day is not completely clear in his brief, he appears to argue that he is owed Social Security benefits because of his 100% permanent and total disability rating from the United States Department of Veterans Affairs ("VA"). ECF No. 28 at 4. He does not make any arguments challenging any part of ALJ Brown's decision in this case, nor does he give any legal authorities in his brief. *See id*. Day attaches to his brief a document from the Social Security Administration's website concerning expedited processing of veteran's 100% disability claims. *Id.* at 5–6. However, as that document itself states, a 100% disability rating from the VA does not guarantee Social Security disability benefits. *Id.* at 5.

Though a United States Department of Veterans Affairs' ("VA") rating of total and permanent disability is not legally binding on the Social Security Administration because the criteria applied by the two agencies are different, the rating is generally entitled to "great weight" and the ALJ must consider it in her decision. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). According to the Social Security Administration's regulations in effect at the time of the ALJ's decision:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504 (effective until March 27, 2017). "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *Chambliss*, 269 F.3d at 522. "An ALJ's disagreement with the VA's finding of disability is not reversible error if the record reflects consideration of that finding." *Duke v. Colvin*, No. 5:16-CV-151-DAE, 2016 WL 6651394, at *5 (W.D. Tex. Nov. 10, 2016).

In her opinion, ALJ Brown correctly noted the relevant legal standards from *Chambliss* concerning VA disability ratings. Tr. 368. The ALJ stated that she gave the VA rating only some weight, because her analysis of the clinical findings, treatment history, and activities of daily living did not support a conclusion that Day was disabled according to the standards for Social Security disability. Tr. 368–69. For example, the ALJ noted that Day claimed to be engaging in weight training and personal training activities daily, and the medical records showed that he was involved in strength competitions. Tr. 367. The ALJ also gave greater weight to the impartial medical expert who testified at the hearing and to the Social Security Administration's concluding opinions pertaining to disability, none of which supported a finding of disability under the SSA. Tr. 368–69. The ALJ adequately explained her reasons for assigning weight in the fashion that she did. *Id.*

Day does not explain how the ALJ erred. ECF No. 28. He does not challenge any part of those reasons or any other part of the ALJ's opinion. *Id.* "[The claimant] does not explain why the ALJ's reasons for not giving the VA disability determination greater weight were erroneous, and therefore leaves us with no basis upon which to find error." *Vaught v. Astrue*, 271 Fed. App'x 452, 455 (5th Cir. 2008). Because the ALJ considered the VA disability rating, as required, and gave valid reasons for not assigning it great weight, there is no error. Remand is not required on this ground, which is the only point of error asserted by Day.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's Findings, Conclusions, and Recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's Findings, Conclusions, and Recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **July 23, 2018,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed July 9, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE